Brown v City of New York (2020 NY Slip Op 06700)





Brown v City of New York


2020 NY Slip Op 06700


Decided on November 17, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 17, 2020

Before: Manzanet-Daniels, J.P., Singh, Scarpulla, Shulman, JJ. 


Index No. 152006/19 Appeal No. 12411 Case No. 2020-02127 

[*1]Eric Brown, Plaintiff-Appellant,
v
City of New York, Defendant-Respondent.


Kreisberg & Maitland, LLP, New York (Jeffrey L. Kreisberg of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Kate Fletcher of counsel), for respondent.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about November 26, 2019, which granted defendant's CPLR 3211(a)(7) motion to dismiss the complaint, unanimously affirmed, without costs.
The complaint fails to state a cause of action for employment discrimination under the State or City HRLs because it does not contain any factual allegations showing that plaintiff's employment was terminated under circumstances giving rise to an inference of discrimination (see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 305, 310 [2004]; Melman v Montefiore Med. Ctr., 98 AD3d 107, 112-113 [1st Dept 2012]; Bennett v Health Mgt. Sys., Inc., 92 AD3d 29, 35 [1st Dept 2011], lv denied 18 NY3d 811 [2012]; see also Pimentel v Citibank, N.A., 29 AD3d 141 [1st Dept], lv denied 7 NY3d 707 [2006]).
The complaint alleges, in conclusory fashion, that plaintiff's employment with the Department of Correction was terminated on account of his alleged disabilities of asthma, chronic obstructive pulmonary disease (COPD), and cancer. Assuming his employer knew about his asthma and COPD, plaintiff was promoted twice while he had those conditions. Although he was later demoted in 2016, the complaint does not state why he was demoted or allege that he was demoted on account of these conditions. His demotion predates his cancer diagnosis in August 2017. The complaint alleges that plaintiff took an approved medical leave of absence from December 2017 to March 2018 for treatment of his cancer, and that he was discharged in November 2018, roughly 10 months after his leave started and 8 months after he returned. This passage of time is too long to establish any causal connection between any decisionmaker's knowledge of his cancer or medical leave and plaintiff's discharge to raise an inference of discrimination (Matter of Parris v New York City Dept. of Educ., 111 AD3d 528, 529 [1st Dept 2013], lv denied 23 NY3d 903 [2014]). The complaint does not allege that any decisionmakers made remarks that showed any discriminatory intent (Whitfield-Ortiz v Department of Educ. of City of N.Y., 116 AD3d 580, 581 [1st Dept 2014]; compare Anderson v Edmiston & Co., Inc., 131 AD3d 416, 417 [1st Dept 2015]), nor does it allege facts that would establish that similarly situated persons who did not share his alleged disabilities were treated more favorably than he was (see Askin v Department of Educ. of the City of N.Y., 110 AD3d 621 [1st Dept 2013]). Plaintiff was not, as the motion court's order suggests, required to plead this last fact to state a claim of discrimination;
however, the complaint does not allege any other facts that establish circumstances giving rise to an inference of discriminatory intent, and thus, dismissal pursuant to CPLR 3211(a)(7) was proper. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2020